UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY KAY M.,<br><br>      Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security Administration[1],<br><br>      Defendant. | Case No.: 22-cv-01969-DDL<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY FEES**<br><br>**[Dkt. No. 18]** |

  Before the Court is a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), in which Plaintiff's counsel requests an award of fees for representing Plaintiff in connection with her application for Social Security disability benefits (the "Motion"). Dkt. No. 18. The Motion is unopposed.[2] Pursuant to Civil Local Rule 7.1.d.1, the Court finds the Motion suitable for disposition without argument. For the reasons stated herein, the Court

---

[1] Commissioner O'Malley is automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

[2] Plaintiff was given the opportunity to oppose the Motion but did not do so. *See* Dkt. No. 20; *see also* Dkt. No. 22-1 (Plaintiff writes "Yes, I approve" in an email regarding the motion for attorney fees filed by counsel). On July 30, 2024, Defendant notified the Court that it takes no position on counsel's request for fees. *See* Dkt. No. 19.

**GRANTS** the Motion and **ORDERS** that counsel's fees be paid from Plaintiff's benefit award consistent with the terms of this Order.

## I. BACKGROUND

Plaintiff filed an application for Social Security Disability Insurance benefits and Supplemental Security income benefits on January 9, 2020. *See* Dkt. No. 1. Plaintiff's claim was denied through the highest level of administrative review, and on December 13, 2022, Plaintiff appealed that denial. *See id*. On March 6, 2023, the parties filed a Joint Motion for Voluntary Remand [Dkt. No. 11] pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). On March 7, 2023, the Court issued an Order reversing the final decision of the Commissioner and remanding the case for reevaluation. Dkt. No. 12. On March 20, 2023, pursuant to this Court's March 7 Order, the Clerk of Court entered a final judgment in favor of Plaintiff. Dkt. No. 13. The Commissioner granted Plaintiff's application for benefits, entitling her to receive $84,412.72 in past due benefits. Dkt. No. 18 at 5.

Throughout these proceedings, Plaintiff has been represented by the Law Offices of Lawrence D. Rohlfing Inc., CPC.[3] On October 21, 2021, Plaintiff signed a "Social Security Representation Agreement" with counsel, agreeing that "[t]he fee for successful prosecution of this matter is 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration." Dkt. No. 18-1.

Counsel now moves the Court for approval of an award of attorneys' fees in the amount of $15,000, offset by any amounts received pursuant to the Equal Access to Justice

---

[3] References to "counsel" herein include the Law Offices of Lawrence D. Rohlfing Inc., CPC, and any attorneys and staff employed by that firm.

Act (the "EAJA").[4]  Dkt. No. 18 at 1.  The requested fees represent about 18 percent of Plaintiff's past-due benefits. *See id.* at 7.

## II.   LEGAL STANDARDS

An attorney who obtains a favorable result for a Social Security claimant is entitled to compensation for such representation from any benefits recovered.  42 U.S.C. § 406(b) ("Section 406(b)").  Counsel moves for payment of fees pursuant to Section 406(b), which provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

In assessing attorneys' fees in the Social Security context, both the Supreme Court and the Ninth Circuit have signaled a preference for reasonableness considerations over forced lodestar calculations.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002); *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).[5]  In *Gisbrecht*, the district court disregarded the plaintiffs' contingency-fee agreements with their clients and instead calculated counsel's "reasonable fee" by using the lodestar method, resulting in significantly lower fees, and the Ninth Circuit affirmed.[6]  535 U.S. at 797-98. The

---

[4] Counsel specifically moves the Court to order (1) payment of the fee of $15,000 and (2) that counsel reimburse plaintiff in the amount of $1,635.00 for EAJA fees previously received.  Dkt. No. 18 at 1.

[5] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

[6] The lodestar method calculates the attorney's fee by multiplying the hours reasonably spent on the representation by a reasonable hourly rate. *Gisbrecht*, 535 U.S. at 797.

*Gisbrecht* court reversed. *Id.* at 809. Noting that contingent-fee agreements are nearly ubiquitous in the Social Security context, the Supreme Court held that the 25 percent cap on fee awards under Section 406(b) was not meant to render such agreements unenforceable, but to protect claimants from "inordinately large fees." *Id.* at 800, 805. So long as the agreed-upon fee did not exceed the statutory maximum, the Supreme Court reasoned, the parties' agreement should be honored. *See id.* at 793.

The Ninth Circuit has since reiterated that under *Gisbrecht*, "[contingency fee] agreements [are] the primary means for determining [counsel's] fee." *Crawford,* 586 F.3d at 1148-49 (noting that "the Supreme Court flatly rejected [the] lodestar approach"). The *Crawford* court further explained why the lodestar method is disfavored, observing that it "under-compensates attorneys for the risk they assume in representing [a Social Security Disability benefits] claimant," thereby discouraging qualified counsel from accepting disability benefits cases and decreasing the availability of counsel for claimants who require representation for recovery. *Id.* at 1149; *see also Sproul v. Astrue*, No. 11-CV-1000-IEG (DHB), 2013 WL 394056, at *2-3 (S.D. Cal. January 30, 2013) ("An attorney that can collect only a lodestar amount when he wins a Social Security benefits case and absolutely nothing when he loses a benefits case is an attorney likely to forego representing Social Security claimants altogether.").

The *Gisbrecht* and *Crawford* courts declined to enumerate a precedential list of factors for judges to consider for fee awards, instead stating that the Court should consider "the character of the representation and the results the representative achieved." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). Although the Court should respect the "primacy of attorney-client fee agreements," counsel's fee may be reduced on a showing of delay, excessive billing, or other indicia of unreasonableness. *Gisbrecht*, 535 U.S. at 793, 808.

///
///
///

### III. DISCUSSION

**A. <u>Evaluation of Counsel's Fee Request</u>**

With the foregoing considerations in mind, the Court turns to the fee request presently before the Court. To reiterate, Plaintiff's past due benefits are $84,412.72; of that amount, counsel requests a fee of $15,000, or approximately 18 percent.[7] *See* Dkt. No. 18 at 7. This amount is less than the statutory maximum; it also less than the 25 percent fee Plaintiff agreed to when she retained counsel.[8] *See* 42 U.S.C. § 406(b)(1)(A); *see also* Dkt. No. 18-1 (retainer agreement). Counsel argues that this amount is reasonable "[c]onsidering the nature of the representation and the results achieved, and . . . the time expended, consideration of hourly rates, market treatment of contingency, and the relative dearth of qualified counsel for court review of agency determinations . . .." Dkt. No. 18 at 5. The Court agrees.

    1. *<u>Nature of Representation and Result Achieved</u>*

As an initial matter, under *Gisbrecht*, the Court should give effect to the parties' agreement unless the record reveals a basis for doing otherwise. 535 U.S. at 807. Here, the Administration ultimately deemed Plaintiff disabled, entitling her to over $84,000 in past-due benefits – a favorable result. As to the nature of the representation, the Court observes that counsel has represented Plaintiff on a contingency basis. During the nearly three years between counsel's engagement and Plaintiff's entitlement to disability benefits, counsel has not been paid. *See Thomas v. Colvin*, No. 1:11CV01291, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (noting the "contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms" supported a request

---

[7] Counsel will also seek an administrative fee for representing Plaintiff in administrative proceedings but represents that the "aggregate of all fees received by counsel … will not exceed the withholding in this case." Dkt. No. 18 at 10.

[8] Twenty-five percent of Plaintiff's retroactive benefits is $21,103.18. *See* Dkt. No. 18 at 5.

for 25 percent of benefits, and awarding the same).  The Court finds these factors weigh in favor of the requested fee award.

### 2. *Whether Counsel's Requested Fee Is Excessive*

The Court has also considered whether counsel's fee is excessive in comparison to the work performed or to prevailing market rates.  In this regard, the Court has reviewed the billing records submitted in support of the requested fees.  *See generally* Dkt. No. 16.  Although the Court's reasonableness determination is not – and should not be – premised on a simple hourly rate calculation, an assessment of counsel's effective hourly rate for the work performed nevertheless provides a useful guide as to whether the requested fee is excessive or represents a windfall in comparison to the work performed.  Counsel's billing records demonstrate that counsel expended 5.2 attorney hours and 2.6 paralegal hours on the instant litigation, for a total of 7.8 hours.  *See* Dkt. No. 33.  Dividing the requested fees by the number of hours expended yields an effective hourly rate of $1,923.07.

This rate is within the range, albeit on the higher end, of hourly rates approved by other courts in the Ninth Circuit.  *See Brazile v. Comm'r of Soc. Sec.*, No. C18-5914JLR, 2022 WL 503779, at *2-4 (W.D. Wash. Feb. 18, 2022) (hourly rate of $2,000); *Steven M. v. Comm'r, Soc. Sec. Admin.*, No. 3:18-CV-00459-HZ, 2020 WL 249990, at *2 (D. Or. 2023) (hourly rate of $1,900); *Timothy M. v. Comm'r, Soc. Sec. Admin.*, No. 6:21-CV-01708-AR, 2023 WL 1071604, at *2 (D. Or. Jan. 27, 2023) (hourly rate of $1,863.01); *White v. Berryhill*, No. CV 04-00331-AS, 2017 WL 11634804, at *3 (C.D. Cal. July 7, 2017) (hourly rate of $1,612).  The Court thus finds this factor weighs in favor of the requested fee award.

### 3. *Policy Considerations*

The Court has also considered the public interest in incentivizing qualified attorneys to represent disability claimants. As the court in *Crawford* recognized, attorneys for claimants "assume significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases."  586 F.3d at 1152.  Even if successful, counsel may have to "wait[] a

long, long time for payment." *Id.* Giving effect to the parties' negotiated fee agreement compensates the attorneys not only for the time expended but also for the risks assumed, and ensures their willingness to undertake those risks again in future cases. *See id.*; *accord Streeter v. Kijakazi*, No. 1:18-cv-01276-SKO, 2021 WL 4065545, at *2 (E.D. Cal. Sept. 7, 2021) ("The goal of fee awards in this context is to provide adequate incentive to represent claimants" while protecting claimants from "depletion" of the benefits recovered). The Court finds this factor also weighs in favor of granting counsel's fee request.

### 4. Whether Any Reduction in the Amount of Fees Requested Is Necessary

Finally, the Court has also evaluated whether any other circumstances warrant a reduction in the requested fees. The Administration's ultimate determination that Plaintiff is entitled to disability benefits demonstrates that the case was meritorious, and the record does not reveal any inordinate delay caused by counsel, work that was substandard, unnecessary, or duplicative, or other indications that counsel's fee is excessive.

### 5. Conclusion Regarding Reasonableness of Counsel's Fee

In summary, as a result of counsel's efforts, Plaintiff received a favorable decision and an award of past-due benefits of over $84,000. Counsel's requested fees are less than both the 25 percent statutory maximum and the amount that Plaintiff agreed in advance to pay for a successful outcome. The Court has found no evidence of delay or other factors that would necessitate reducing the requested fees. Accordingly, the Court finds that counsel's request for attorneys' fees request is reasonable, and **GRANTS** the Motion.

## B. Counsel Must Refund Plaintiff Any Fees Received Pursuant to the EAJA

The EAJA also permits an attorney to receive fees for successful Social Security representations.[9] *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1216-17

---

[9] Pursuant to the EAJA:

(9th Cir. 2012). However, unlike fees recovered pursuant to Section 406(b), which are paid by the claimant, EAJA fees are paid by the government. *Id*. at 1218. While "[f]ee awards may be made under both prescriptions, . . . the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (quoting Pub. L. No. 99–80, § 3, 99 Stat. 183 (1985)). Accordingly, counsel must refund Plaintiff for any EAJA fees that counsel has received for work before the Court.[10]

### ORDER

Based on the foregoing, the Court **GRANTS** counsel's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) [Dkt. No. 18] and **APPROVES** an award in the amount of $15,000.00 to the Law Offices of Lawrence D. Rohlfing Inc., CPC. The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff $1,635.00 in EAJA fees that counsel previously received.

**IT IS SO ORDERED.**

Dated:  October 21, 2024

Hon. David D. Leshner
United States Magistrate Judge

---

[A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*See* 28 U.S.C. § 2412 (d)(1)(A).